IN THE SUPREME COURT OF NORTH CAROLINA

No. 206PA23

Filed 23 August 2024

IN THE MATTER OF: A.J., J.C., J.C.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 289 N.C. App. 632 (2023), reversing an order entered on 22 March 2022 by Judge Lee Teague in District Court, Pitt County, and remanding the case. Heard in the Supreme Court on 20 February 2024.

*Jon G. Nuckolls for petitioner-appellant Pitt County Department of Social Services; and Matthew D. Wunsche, GAL Appellate Counsel, and Brittany T. McKinney, GAL Staff Attorney, and for respondent-appellant Guardian ad Litem.*

*Wendy C. Sotolongo, Parent Defender, by Jacky Brammer, Assistant Parent Defender, for respondent-appellee mother.*

DIETZ, Justice.

In this juvenile proceeding, the Court of Appeals held that many of the trial court's key findings in its adjudication order were based on inadmissible hearsay. In their briefing to this Court, the parties agree that those findings are improper and must be disregarded.

The issue before this Court is what to do about it. The Court of Appeals held that the trial court's "findings of fact, unsupported by properly admitted evidence, are insufficient to support the trial court's adjudications." *In re A.J.*, 289 N.C. App. 632, 644 (2023). As a result, the Court of Appeals reversed the trial court's order and

remanded with instructions to dismiss the juvenile petitions.

As explained below, this holding omits crucial steps in the appellate analysis. First, when an appellate court determines that a finding of fact is not supported by sufficient evidence, the court must disregard that finding and examine whether the remaining findings support the trial court's conclusions of law. *In re A.J.L.H.*, 384 N.C. 45, 52–53 (2023). If the remaining findings support the trial court's conclusions, the appellate court must affirm, notwithstanding the existence of some invalid findings. *Id.*

Second, if the remaining findings do not support the trial court's conclusions, there is yet another step: the reviewing court must examine whether there is sufficient evidence in the record that *could* support the necessary findings. *See In re K.N.*, 373 N.C. 274, 284 (2020). If so, the appropriate disposition is to vacate the trial court's order and remand for entry of a new order. *Id.* This permits the trial court, as fact finder, to decide whether to enter a new order with sufficient findings based on the record or to change the court's conclusions because the court cannot make the necessary findings. *Id.* at 284–85.

Here, the Court of Appeals did not adequately examine whether the remaining findings supported the trial court's conclusions and did not examine whether the evidence in the record could support sufficient findings. Because the remaining findings of fact are insufficient but the record contains clear, cogent, and convincing evidence that *could* support both the neglect and dependency adjudications, we

reverse the decision of the Court of Appeals and remand with instructions to vacate the trial court's order and remand the case for further proceedings in the trial court.

**Facts and Procedural History**

Respondent is the mother of three children, Amanda, Jade, and Juliet.[1] In 2021, the Pitt County Department of Social Services received several reports regarding respondent's family. At the time, respondent's youngest child, Amanda, lived with respondent while the two older children, Jade and Juliet, lived primarily with relatives but frequently spent time with respondent.

All of the reports involved interactions between respondent and her daughter Jade in which respondent acted in a hostile and aggressive manner, such as by smashing in a window of her car when Jade locked herself inside and leaving Jade outside the home in the cold until neighbors took her in. Respondent acknowledged to social workers that she needed to obtain a mental health assessment in light of her erratic, aggressive behavior. Respondent did not do so and later denied the need for any mental health assessment.

DSS ultimately filed petitions alleging that Jade and her two siblings were neglected and that Jade and her sister Juliet were dependent. At the hearing, over respondent's objection, the trial court admitted statements from Jade to the social workers. Jade did not testify at the hearing. The trial court later entered a written order concluding that all three juveniles were neglected and that Jade and Juliet were

---

[1] We use pseudonyms to protect the identities of the juveniles.

dependent. Many of the trial court's findings relied on Jade's hearsay statements or other evidence that was the subject of a timely objection by respondent. Respondent appealed.

On appeal, the Court of Appeals determined that the trial court erred by admitting Jade's hearsay statements. *In re A.J.*, 289 N.C. App. at 644. The court then held that the "findings of fact, unsupported by properly admitted evidence, are insufficient to support the trial court's adjudications either that Jade, Juliet, and Amanda were neglected, or that Jade and Juliet were dependent" and that the trial court's order "is reversed and this cause is remanded for dismissal." *Id.*

This Court allowed a joint petition for discretionary review from DSS and the guardian ad litem.

**Analysis**

This is an appeal from an initial adjudication in a juvenile proceeding. At this stage of the proceeding, the "sole question for the reviewing court is whether the trial court's conclusions of law are supported by adequate findings and whether those findings, in turn, are supported by clear, cogent, and convincing evidence." *In re A.J.L.H.*, 384 N.C. at 53.

When assessing whether a particular finding is supported by clear, cogent, and convincing evidence, the reviewing court must consider any properly preserved challenges to the admission of the supporting evidence. *See In re J.S.*, 377 N.C. 73, 77–78 (2021). For example, the North Carolina Rules of Evidence apply at the

adjudication stage of these juvenile proceedings. N.C.G.S. § 7B-804 (2023). Thus, statements that constitute inadmissible hearsay are not clear, cogent, and convincing evidence on which the trial court may rely. *See In re K.J.M.*, 288 N.C. App. 332, 345 (2023); *In re T.M.*, 187 N.C. App. 694, 698 (2007). Similarly, facts that must be established by expert testimony are not clear, cogent, and convincing evidence if offered by lay witnesses or inferred from other nonexpert testimony. *Cf. In re K.L.*, 272 N.C. App. 30, 50 (2020). Assuming an evidentiary objection is properly preserved, a party may argue on appeal that any findings supported solely by inadmissible evidence are infirm and cannot support the trial court's conclusions of law.

We have repeatedly articulated what an appellate court must do if it determines that a finding of fact lacks sufficient support in the record: the reviewing court must disregard that finding and examine whether the remaining findings support the trial court's determination. *In re A.J.L.H.*, 384 N.C. at 52. Naturally, if the remaining findings sufficiently support the trial court's conclusion that a juvenile is abused, neglected, or dependent, then the reviewing court must affirm the trial court's order notwithstanding the existence of some unsupported findings. *Id.* at 52–53.

If, however, the appellate court determines that the trial court's remaining findings of fact are not sufficient, then the court must then examine a follow-on question: whether there is sufficient evidence in the record that *could* support the necessary findings. *See In re K.N.*, 373 N.C. at 284. If so, the appellate court must

vacate the trial court's order and remand the case to give the trial court the opportunity to make additional findings if it chooses. *Id.* at 284–85. An appellate court may remand for entry of an order dismissing the matter only if the trial court's findings are insufficient *and* the evidentiary record is so lacking that it cannot support any appropriate findings on remand. *See id.*

Here, the Court of Appeals determined that a number of the trial court's findings of fact were not supported by clear, cogent, and convincing evidence because the supporting evidence was inadmissible under the Rules of Evidence. *In re A.J.*, 289 N.C. App. at 637–40. But the Court of Appeals did not adequately engage in the additional steps of the analysis described above. First, instead of focusing on the remaining *supported* findings, the Court of Appeals repeatedly focused on the impact of the *unsupported* findings. *See id.* at 640 ("The unsupported findings of fact, as discussed above, are insufficient to support an adjudication that Jade was neglected."); *id.* at 644 ("The findings of fact, unsupported by properly admitted evidence, are insufficient to support the trial court's adjudications either that Jade, Juliet, and Amanda were neglected, or that Jade and Juliet were dependent.").

Second, after determining that the findings were insufficient, the Court of Appeals did not examine whether the evidentiary record *could* support additional findings. Instead, the court simply stated that "this cause is remanded for dismissal," without any examination of the full evidentiary record. *Id.*

We therefore begin our analysis by doing what our case law requires and what

the Court of Appeals failed to do adequately: disregard any unsupported findings of fact, examine whether the remaining findings are sufficient, and if necessary, examine whether the evidentiary record could support additional findings.

The challenged findings can be divided into four categories. The first involves findings of a June 2021 incident that resulted in a report to DSS. With respect to that incident, the trial court found that respondent got into an altercation with Jade that led Jade to lock herself in the family's car. The court found that respondent took a shovel and broke out the window of the car, hit Jade with a belt buckle in the head and all over her body, choked Jade, and threatened to kill her.

Some of these findings are not supported by clear, cogent, and convincing evidence in the record. Specifically, respondent's use of a shovel, her choking of Jade, and her threat to kill Jade all were based solely on Jade's statements to social workers during their investigation. On appeal, DSS and the guardian ad litem do not dispute that Jade's statements are inadmissible hearsay.[2]

The remaining portions of the trial court's findings, however, are supported by clear, cogent, and convincing evidence. Respondent admitted to the social workers that she and Jade got into an "altercation" and Jade then locked herself in the car

---

[2] Because, in their filings with this Court, DSS and the guardian ad litem do not contest the Court of Appeals' conclusion that Jade's statements were inadmissible hearsay, we do not consider that question and treat Jade's statements as inadmissible. *See Soc'y for the Hist. Pres. of the Twenty-Sixth N.C. Troops, Inc. v. City of Asheville*, 385 N.C. 744, 751 (2024) (declining to consider a portion of the Court of Appeals' opinion when the appellant abandoned that issue before the Supreme Court); *see also* N.C. R. App. P. 16(a), 28(a).

and was on the phone with police. Respondent also admitted to "breaking the window out of the car" while Jade was inside and to hitting Jade with a belt. A social worker testified that she saw a visible mark where respondent hit Jade with the belt. This supports the remaining portions of the trial court's findings.

The second category of findings concern a November 2021 incident in which the trial court found that respondent "choke slammed" Jade and "threw her out of the car." The trial court found that this incident "was reportedly witnessed by a family member over a video call." On appeal, DSS and the guardian ad litem do not dispute that this entire finding is based on inadmissible hearsay statements. We therefore disregard this finding in its entirety.

The third category involves a December 2021 report to DSS. The trial court found that respondent locked Jade outside of her home in cold weather because Jade refused to babysit her younger sister. The court found that neighbors saw Jade outside in the cold and brought her into their home. The court also found that when a law enforcement officer responded to the neighbor's call concerning Jade, the officer had to handcuff respondent to "get her to calm down," social workers observed respondent "cussing and fussing" in the presence of her children, and respondent's "behavior was unstable."

Again, some of these findings are not supported by sufficient evidence. Specifically, the only evidence that respondent actually locked Jade out of the home, as opposed to merely leaving Jade alone outside, is Jade's statements to social

workers. DSS and the guardian ad litem do not contest the Court of Appeals' conclusion that these statements are inadmissible hearsay.

But, again, the remaining portions of the trial court's findings are supported by clear, cogent, and convincing evidence. This includes, importantly, the trial court's findings that respondent left Jade alone outside in the cold until neighbors took her in; that social workers observed respondent "cussing," "fussing," and "banging" in the presence of her children; that a law enforcement officer had to handcuff respondent "just to get her to calm down"; and that respondent's behavior during this incident was so unusual and erratic that it fits the ordinary meaning of "unstable."[3]

The final category of findings concerns respondent's mental and emotional condition. The trial court found that respondent "suffers from mental and psychological illnesses as a result of traumatic experiences throughout her life" and that respondent "has denied mental health diagnosis." The trial court also found that respondent "presented as extremely hostile and aggressive through the hearing of this matter as evidenced by numerous outbursts in the Courtroom and aggressive comments directed toward other participants in this proceeding."[4] The court further

---

[3] The term "unstable" also can have a technical meaning in the context of a mental health diagnosis done by medical professionals. *See*, *e.g.*, *Unstable*, Oxford Advanced American Dictionary (2011). As explained in detail below, there is no evidence to support a finding that respondent had any diagnosed mental health issues, and we reject any interpretation of this finding that suggests otherwise.

[4] The purpose of an adjudicatory hearing is to determine "the existence or nonexistence of any of the conditions alleged in a petition." N.C.G.S. § 7B-802; *see also In re L.N.H.*, 382 N.C. 536, 543 (2022). Thus, the "inquiry focuses on the status of the child at the time the petition is filed, not the post-petition actions of a party." *Id.*

found that respondent acknowledged the need to engage in a case plan to address these issues and specifically agreed "to begin mental health services" but did not do so.

Once again, some of these findings are unsupported by the record. Specifically, there is no evidence in the record of any diagnoses of respondent's mental health. To be diagnosed with a mental illness, a person must be evaluated by a trained mental health professional based on accepted criteria established in the profession, such as those in the Diagnostic and Statistical Manual of Mental Disorders (DSM). *See generally* Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders: DSM-5* (5th ed. 2013). Finding that a person suffers from a mental illness typically requires expert testimony or admissible evidence of a past diagnosis by a qualified health professional. *See, e.g., State v. Lynch*, 340 N.C. 435, 459 (1995).

To be sure, a social worker testified at the hearing that he personally observed respondent's behavioral issues including "anger, resentment, with the family members," and other evidence in the record demonstrated that respondent had anger issues and acted erratically. The trial court also observed similar behavior at the hearing. But there was no expert testimony or documentary evidence that would support a finding that respondent had a diagnosed mental health condition. Thus, all findings specifically related to respondent's mental health are unsupported by the record.

The remaining findings, however, are supported by the record, including the

trial court's finding that respondent exhibited "extremely hostile and aggressive" behavior and refused to follow through with a recommended case plan to address those issues.

Having identified the remaining findings that are supported by clear, cogent, and convincing evidence in the record, we turn to examining whether those findings support the trial court's conclusions of law. *See In re A.J.L.H.*, 384 N.C. at 52. Those conclusions involve two separate adjudications: the trial court adjudicated Jade and her siblings Amanda and Juliet as neglected and adjudicated Jade and her sibling Juliet as dependent.

A neglected juvenile is one whose parent, guardian, custodian, or caretaker "does not provide proper care, supervision, or discipline" or who "creates or allows to be created a living environment that is injurious to the juvenile's welfare." N.C.G.S. § 7B-101(15) (2023). A juvenile may be adjudicated neglected even if not currently residing in the parent's home. When the juvenile does not currently reside with the parent, the trial court must assess whether there is substantial risk of future neglect based on the historical facts of the case. *In re K.J.D.*, 203 N.C. App. 653, 661 (2010).

A dependent juvenile is one whose "parent, guardian, or custodian is unable to provide for the juvenile's care or supervision and lacks an appropriate alternative child care arrangement." N.C.G.S. § 7B-101(9) (2023). Findings that a parent is unable to care for her children and that the parent lacks an alternative child care arrangement support a dependency adjudication. *In re J.J.*, 180 N.C. App. 344, 347

(2006), *aff'd per curiam*, 362 N.C. 172 (2008). The court "must consider the conditions as they exist at the time of the adjudication as well as the risk of harm to the child from return to a parent" and "look at the situation before the court at the time of the hearing when considering whether a juvenile is dependent." *In re F.S.*, 268 N.C. App. 34, 44, 46 (2019) (cleaned up).

Here, the remaining findings support many of the requirements to satisfy these standards. The findings establish a pattern in which respondent put Jade in situations that are *potentially* injurious to her welfare, such as smashing in a car window while Jade was inside the car and allowing Jade to be unsupervised and alone in cold weather until neighbors took her in. The findings also establish that respondent exhibited hostile and aggressive behavior during these incidents and that respondent initially acknowledged the need to have these issues assessed by a mental health professional but refused to do so and later denied having these issues. Finally, there are unchallenged findings supporting respondent's lack of an alternative child care arrangement.

Still, there are necessary findings that are missing. There are many scenarios where a parent breaking a window out of a car to get at a child locked inside would be reasonable and would not be an injurious living environment. The same is true of allowing a child to stay outside without supervision, even when it is cold outside. Beyond the bare findings describing these events, the trial court did not make findings demonstrating how these incidents established that the children were not

receiving proper care, supervision, or discipline, or were living in an injurious environment. Importantly, there is clear, cogent, and convincing evidence in the record that *could* support the necessary findings. But the trial court did not make those findings.

We therefore agree with the Court of Appeals' holding that the trial court's findings of fact were insufficient to support its conclusions of law.[5] But we reject the Court of Appeals' resulting disposition. After determining that the trial court's findings did not support its conclusions, the Court of Appeals stated that "this cause is remanded for dismissal." *Cf. In re A.J.*, 289 N.C. App. at 644. This is error.

As explained above, when an appellate court determines that the trial court's findings of fact are insufficient, the court must examine whether there is sufficient evidence in the record that could support the necessary findings. *See In re K.N.*, 373 N.C. at 284. If so, the appropriate disposition is to vacate the trial court's order and remand for entry of a new order. *Id.* This permits the trial court, as fact finder, to decide whether to enter a new order with sufficient findings based on the record or to change its conclusions of law because the court cannot make the necessary findings. *Id.* at 284–85.

---

[5] Although we agree with this portion of the Court of Appeals' reasoning, we reject the court's categorical statement that the "use of corporal punishment, with no evidence of any resulting marks, bruising, or other injury, does not constitute neglect." *In re A.J.*, 289 N.C. App. at 640–41. Whether a child is neglected is a fact-specific determination that cannot be reduced to this type of categorical statement. There are scenarios where discipline of a child can constitute neglect even when the discipline causes little or no physical injury. *See In re A.J.L.H.*, 384 N.C. at 55.

Here, as we have noted, there is clear, cogent, and convincing evidence in the record that could support the necessary findings. We therefore reverse the decision of the Court of Appeals and remand this case for further remand to the trial court. On remand, the trial court, in its discretion, may enter a new order on the existing record or conduct any further proceedings that the court deems necessary.

## Conclusion

We reverse the decision of the Court of Appeals and remand with instructions to vacate the trial court's order and remand for further proceedings.

REVERSED AND REMANDED.

Justice RIGGS did not participate in the consideration or decision of this case.